By:   ANDREW FRISCH, ESQ.
      RICHARD CELLER, ESQ.
      Morgan & Morgan, P.A.
      6824 Griffin Road
      Davie, FL 33314
      Tel: 954-318-0268
      Fax: 954-333-3515
      afrisch@forthepeople.com
      rceller@forthepeople.com

      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| WENCILIO ADEVA, individually and | : | |
| on behalf of all other persons similarly | : | |
| situated | : | |
| | : | Civil Action No.: 2:09-cv-1096 |
| Plaintiff, | : | Hon. Anne E. Thompson |
| | : | |
| v. | : | Judge Stanley R. Chesler |
| | : | |
| INTERTEK USA INC. f/k/a CALEB | : | Noticed Motion Date: September 21, 2009 |
| CALEB BRETT, INC. | : | |
| | : | **NOTICE OF MOTION FOR** |
| a foreign corporation, | : | **SUMMARY JUDGMENT** |

_____ :

### PLAINTIFF'S NOTICE OF MOTION FOR SUMMARY JUDGMENT

For the reasons set forth in the attached Memorandum, pursuant to the Rules of Civil

Procedure and Local Rule 7.1(i) of the District of New Jersey, Plaintiff, WINCILIO

ADEVA, hereby respectfully moves this Court for Summary Judgment.

PLEASE TAKE NOTICE that, in support of this motion, Wincilio Adeva will rely

upon its Memorandum of Law, the Deposition of Q VanBenschoten and the Deposition of

Preston Smith, with exhibits.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted

herewith.

Dated: August 17, 2009

**s/ ANDREW FRISCH**
ANDREW FRISCH, ESQ.
RICHARD CELLER, ESQ.
Morgan & Morgan, P.A.
6824Griffin Road
Davie, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
afrisch@forthepeople.com
rceller@forthepeople.com

By:    ANDREW FRISCH, ESQ.
       RICHARD CELLER, ESQ.
       Morgan & Morgan, P.A.
       7450 Griffin Road, Suite 230
       Davie, FL 33314
       Tel: 954-318-0268
       Fax: 954-333-3515
       afrisch@forthepeople.com
       rceller@forthepeople.com

       Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
WENCILIO ADEVA, individually and :
on behalf of all other persons similarly :
situated                                 :
                                         :    Civil Action No.: 2:09-cv-1096
            Plaintiff,                   :
                                         :
v.                                       :    Hon. Stanley R. Chesler
                                         :
INTERTEK USA INC. f/k/a CALEB     :    Noticed Motion Date: September 21, 2009
BRETT USA INC. and INTERTEK       :
CALEB BRETT, INC.                        :
                                         :
        a foreign corporation,           :
_____ :

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Dated: August 17, 2009

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**....................................................................................... ii-iv

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT** ........................................................... 1

    I.      STATEMENT OF UNDISPUTED FACTS……..……………….. 3

          A     PLAINTIFFS DO NOT RECEIVE A FIXED
               AMOUNT OF NON-OVERTIME COMPENSATION
               EACH WEEK – IT VARIES DEPENDING ON
               HOURS WORKED AND WORK PERFORMED……......... 3

          B.    DEFENDANTS' FORMER AND CURRENT
               CHOICE TO VILATE THE FLSA DEMONSTRATES
               BAD FAITH…………………………………………………. 6

    II.     LEGAL AUTHORITY……………………………………… 6

          A.    STANDARD ON MOTION FOR SUMMARY
               JUDGMENT……………………………………………… 6

          B.    THE FLSA MUST BE CONTRUED LIBERLLY IN
               FAVOR OF PLAINTIFFS……………………………….. 7

          C.    DEFENDANTS' FLUCTUATING COMPENSATION
               METHODOLOGY VIOLATES THE FLSA……………….. 8

          D.    PLAINTIFFS ARE ENTITLED TO LIQUIDATED
               DAMAGES BECAUSE DEFENDANTS'
               VIOLATIONS OF THE FLSA WERE NOT COMMITTED
                IN GOOD FAITH…………………………………………... 15

          E.    DEFENDANTS' VIOLATION IS WILLFULL,
               THEREBY SUBJECTING PLAINTIFFS' CLAIMS TO
               A THREE (3) YEAR STATUTE OF LIMITATIONS……… 17

    III.    CONCLUSION....................................................................................... 18

## TABLE OF AUTHORITIES

## RULES, REGULATIONS AND STATUTES

29 C.F.R. 778.114(a)…………………………………………………… 2, 9, 10, 11, 12
29 C.F.R. 778.114(b)…………………………………………………… 12
29 U.S.C. §207(a)…………………………………………………………8
29 U.S.C. §207(b)…………………………………………………………12
29 U.S.C. §207(e)…………………………………………………………12
29 U.S.C. §216(b)……………………………………………………2, 3, 6, 7, 8, 9, 10,
                                                                13, 14, 15, 16, 17,
                                                                18
29 U.S.C. §260……………………………………………………………15
Fed. R. Civ.P. 56(c)…………………………………………………… 6

## CASES

Addison v. Huron Stevedoring Corp., 204 F.2d 88, 92 (2d Cir. 1953)…..16

Aiken v. County of Hampton, S.C., 977 F.Supp. 390 (D.S.C. 1997)……. 8

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)……………… 7

*Ayers v.* SGS Control Services, Inc.,
2007 WL 646326, (S.D.N.Y. 2007)………………………………………. 2, 6, 10, 11, 12,
                                                                16, 18

*Bailey v. County of Georgetown*, 94 F.3d 152, 155-156 (4th Cir. 1996)…… 8

*Barrentine v. Arkansas-Best Freight Sys., Inc.,*
450 U.S. 728, 739, 101, S.Ct. 1437, 67 L.Ed.2d 641 (1981)……………… 7

*Bowrin v. Catholic Guardian Society,*
417 F.Supp.2d 449, 472-76 (S.D.N.Y.2006)……………………………17

*Brock v. Claridge Hotel and Casino*, 846 F.2d 180 (3d Cir. 1988)………...15

*Brock v. Richland Shoe Co.,* 799 F.2d 80, 83 (3rd Cir.1986)………………18

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)…………………..15

*Burgess v. Catawba County*, 805 F.Supp. 341, 348 (W.D.N.C. 1992)…….. 8, 14

*Cahill v. City of New Brunswick*, 99 F.Supp.2d 464 (D.N.J. 2000)………… 16

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548,
91 L.Ed.2d 265 (1986)……………………………………………………… 6

*Dingwall v. Friedman Fisher Assocs.*,
3 F.Supp.2d 215, 221 (N.D.N.Y. 1998)…………………………………... 8

*Dooley v. Liberty Mutual Insurance Company*,
369 F.Supp.2d 81 (D. Mass. 2005)…………………………………….... 3, 13

*Flood v. New Hanover County*, 125 F.3d 249, 252 4th Cir. 1997)……….. 10, 14

*Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d. 1141 (3d Cir. 1983)…….. 7

*Heder v. City of Two Rivers, Wisconsin*, 295 F.3d 777 (7th Cir. 2002)…….13

*Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 (E.D.La. 2009)……...17

*Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir.2006)……………. 7

*Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299, 310 (3d Cir. 2008)… 7

*Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982)…………………… 16

*Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896 (3d Cir. 1991)………….. 8, 15

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir.1991)……………18

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 131-32 (1988)…………...17, 18

*Mitchell v. Kentucky Fin., Co.*,
359 U.S. 290, 295, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959)…………………….. 7

*Monahan v. County of Chesterfield*, 95 F.3d 1263, 1275 n. 12 (4th Cir. 1996)..13

*O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (1st Cir. 2003)……………3, 10, 11, 12, 13

*Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942)……….9

*Parks v. Locating, Inc.*, 2002 WL 1352475 *1 (9th Cir. 2002)…………..…..12

*Pearson v. Component Tech. Corp.*,
247 F.3d. 471, 482 n. 1 (3d Cir.2001)…………………………..………6

*Reich v. Gateway Press, Inc.*, 13 F.3d. 685, 694 (3d Circuit. 1994)…..……. 7

*Reich v. Southern New England Telecommunications Corp.*,
121 F.3d 58, 71 (2d Cir. 1997)……………………………………………16

*Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977)………..………..17

*Richter v. Barrett*, 173 F2d 320 (3d cir. 1949)………………..………. 7

*Robinson v. Evergreen Presbyterian Ministries, Inc.*,
2008 WL 508083 (W.D.Okla. 2008)……………………………..…… 14

*Tony & Susan Alamo Found. v. Sec'y of Labor*,
471 U.S. 290, 296, 105 S.Ct. 1953, 85 L. Ed.2d. 278 (1985)…………..… 7

*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-130 (1985)… 17

*Williams Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3d Cir. 1984)…. 15

By:   ANDREW FRISCH, ESQ.
      RICHARD CELLER, ESQ.
      Morgan & Morgan, P.A.
      7450 Griffin Road, Suite 230
      Davie, FL 33314
      Tel: 954-318-0268
      Fax: 954-333-3515
      afrisch@forthepeople.com
      rceller@forthepeople.com

      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
_____

| | |
|---|---|
| WENCILIO ADEVA, individually and : <br> on behalf of all other persons similarly : <br> situated : <br> : | |
| : | Civil Action No.: 2:09-cv-1096 |
| Plaintiff, : <br> : | |
| v. : <br> : | Hon. Stanley R. Chesler |
| INTERTEK USA INC. f/k/a CALEB : <br> BRETT USA INC. and INTERTEK : <br> CALEB BRETT, INC. : <br> : | Noticed Motion Date: September 21, 2009 |
| a foreign corporation, : <br> _____ : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiffs, WENCILIO

ADEVA, *et. al.* file this Memorandum of Law in Support of Summary Judgment and state as

follows:

**SUMMARY OF THE ARGUMENT**

1

Defendants maintain that they did not violate the FLSA, because they purportedly paid Plaintiffs on a proper Fluctuating Workweek ("FWW") method.  The undisputed facts of this case establish the contrary.

Plaintiffs are a class of Oil, Gas, and Chemical ("OGC") Inspectors employed by Defendants.  In exchange for the performance of their duties, Defendants paid/pay Plaintiffs one-fifty second (1/52)  of their purported annual salary, along with an attending weekly variable/combination of "day off pay" (if they worked on a scheduled day off), "offshore pay" (if they worked at a location "offshore" or at sea), and "holiday" pay."  It is undisputed that Plaintiffs' straight time was not "fixed," because in some weeks they received 1/52 of their annual salary (alone) as compensation for straight time worked, and in other weeks they received 1/52 of their salary, combined with day-off pay, offshore pay and/or holiday pay, depending on the type of work performed and hours worked.  Thus, because Plaintiffs' compensation varied from week-to-week, Defendants cannot demonstrate that the amount they paid to Plaintiffs for straight time each week was "fixed" - as required to apply the FWW under the FLSA.

Notwithstanding these undisputed facts, however, Defendants did not pay Plaintiff time and one half overtime for all hours worked over forty (40) in a workweek ("overtime hours") and therefore violated, and continue to violate, the FLSA. *See* 29 C.F.R. 778.114(a).  Recently, Judge Richard M. Berman, sitting in the Southern District of New York, granted summary judgment to a class of similarly situated inspectors employed by one of Defendants' competitors on identical facts and the applicable law.  *See Ayers v. SGS Control Services, Inc.*, 2007 WL 646326, *8-9 (S.D.N.Y. 2007)(granting summary judgment to plaintiff OGC Inspectors on the defendant's FWW and holding that because the plaintiffs received sea pay and day-off pay, their salaries were not "fixed," and they were entitled to full and proper overtime compensation).

Similarly, because it is undisputed that Defendants did not pay Plaintiffs a "fixed" amount for weekly straight time pay as required by the FLSA, Plaintiffs and Defendants necessarily could not have, and did not have, a "clear mutual understanding" that Defendants would pay such a fixed salary each week regardless of hours worked. This fact alone further renders the FWW inapplicable to Plaintiffs. *See Dooley v. Liberty Mutual Insurance Company*, 369 F.Supp.2d 81 (D. Mass. 2005)("[e]ven though those employees may have in fact received a fixed salary, they did not have a 'clear mutual understanding' that the employer *will pay* that fixed salary regardless of hours worked," because [the defendant] *would not have* paid a 'fixed salary' that would satisfy the second requirement" of the FWW test)(*quoting O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (1st Cir. 2003).

Finally, it is undisputed that case law has uniformly determined that Defendants' specific pay practice at issue violates the FLSA. Moreover, Defendants acknowledge that they were aware of those decisions (and discussed them with their attorneys), but failed and/or refused to change, and continue to refuse/fail to change, the method under which they paid Plaintiffs. Therefore, Defendants cannot meet their burden of proof, as required to avoid the imposition of liquidated or double damages as a matter of law. Similarly, in light of Defendants' admission that they were aware of and disregarded applicable case law finding their pay practices illegal, and Defendants' insistence on continuing to pay Plaintiffs in this regard, Defendants' violation(s) of the FLSA are necessarily willful, and the instant claims should be subject to a three (3) year statute of limitations.

## STATEMENT OF UNDISPUTED FACTS

**A. Plaintiffs Do Not Receive a Fixed Amount of Non-Overtime Compensation Each Week- It Varies Depending on Hours Worked and Work Performed.**

1.     Defendants' primary purpose is to provide inspection and testing services for high value bulk commodity cargo, significantly reducing risk of loss exposure to the trading parties involved, during transport, custody transfer and storage.  (*See* Excerpts from Defendants' website attached as **EXHIBIT A**).

2.     To effectuate this purpose, Defendants employed, and continue to employ, hundreds of OGC Inspectors ("Plaintiffs"), to perform the inspection work at Defendants' terminals on high value oil, petroleum and chemical commodity cargo.   (VanBenschoten Dep., attached as **EXHIBIT B**, pp.20-21; *see also* Defendants' Inspector Job Description, attached hereto as **EXHIBIT C**).

3.     During their employment Plaintiffs regularly worked, and continue to work, in excess of forty (40) hours per workweek, often working as many as 105-110 hours per workweek depending on the work load involved.  (*See* Adeva Paystubs, attached as **EXHIBIT D**).

4.     Defendants pay Plaintiffs pursuant to a "Fluctuating Compensation" methodology.  Simply put, this means that Defendants pay Plaintiffs' weekly compensation by combining: (a) 1/52 of their annual salary each week; (b) pay for working four (4) or more hours on a scheduled day off ("day-off pay"); (c) pay for working an offshore assignment ("offshore pay"); and/or (d) pay for working four (4) or more hours on a holiday ("holiday pay"). (VanBenschoten Dep., pp.66-70; *see also* Defendants' Employment Handbook, pp.31-36, attached as **EXHIBIT E**).

5.     At the conclusion of each workweek, Defendants calculate Plaintiffs' day-off pay, offshore pay and/or holiday pay and add them to the foregoing partial salary to calculate each Plaintiffs' regular rate/straight time pay for each particular workweek.  Defendants then divide the total compensation earned for that particular workweek by the actual hours Plaintiffs work

for that workweek to calculate how much regular/straight time pay (for hours worked up to forty (40)) to give each Plaintiff for that workweek.  (Id.).

6.      Defendants then divide the resulting number by two (2) to arrive at what they refer to as a "half time premium" for overtime hours.  (Id.).  Defendants then multiply this "half time premium" by the number of overtime hours worked in each workweek and represent to Plaintiffs that this resulting number constitutes full and proper overtime compensation.  (Id.).

7.      Defendants pay all of their other non-exempt employees (other than Plaintiffs) time and one half overtime for all overtime worked.  (VanBenschoten Dep., p.21).  However, Defendants pay Plaintiffs only this "halftime premium" for all overtime hours worked.  (Id.).

8.      At the inception of Plaintiffs' employment, Defendants required/require each Plaintiff to sign a document memorializing their purported understanding that Defendants will pay the OGC Inspector under Defendants' "Fluctuating Compensation" method described above. But, on its face, Defendants' own document confirms that Plaintiffs' straight time pay (for the first forty hours) will not remain fixed but instead, will vary each week.  (Smith Dep., attached hereto as **EXHIBIT F**, pp.83-84; *see also* Acknowledgement signed by Plaintiff Peter Verdin, attached hereto as **EXHIBIT G**).  And, because of the different combinations/types of pay each Plaintiff receives per week, and depending on the schedule and number of hours he/she works, his/her compensation varies from week-to-week.  (VanBenschoten Dep., p.70).

9.      Since, the schedules of OGC Inspectors vary week-to-week, whereby sometimes an OGC Inspector earns a combination of off-shore, day-off and/or holiday pay, and sometimes not, each week the amount of OGC Inspectors' straight time pay is variable, and it is not a fixed amount.  (Id.).

   **B.      Defendants' Former and Current Choice to Violate the FLSA Demonstrates Bad Faith.**

10.     In February 2007, Judge Richard Berman, sitting in the Southern District of New York, granted summary judgment to a class of OGC Inspectors (identical to Plaintiffs in this case) employed by one of Defendants' competitors,  based in part on its use of the **exact** pay method at issue in the instant case.  *Ayers v. SGS Control Services, Inc.*, 2007 WL 646326 *7-9 (S.D.N.Y. 2007) (A copy of the *Ayers* Decision is attached hereto as **EXHIBIT I**).

11.     Defendants specifically acknowledge that upon learning of Judge Berman's summary judgment decision, finding their exact pay policy at issue to be in violation of the FLSA, they consulted with a lawyer to determine whether they would change their pay policies. (VanBenschoten Dep., pp.101-104).

12.     Defendants acknowledge that despite meeting with a lawyer in this regard, they have not changed their pay practices, and continue to pay the named Plaintiff and all other current OGC Inspectors and Plaintiffs in the same illegal manner described above.  (Id.).

13.     Further, prior to the filing of this lawsuit, Defendants never consulted with an accountant or the United States Department of Labor to determine whether their pay practices were in compliance with the FLSA.

## LEGAL AUTHORITY

### I.   Standard On Motion For Summary Judgment.

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Pearson v. Component Tech. Corp.,* 247 F.3d 471, 482 n. 1 (3d Cir.2001) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *accord Fed.R.Civ.P.* 56(c). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v.*

*County of Bucks,* 455 F.3d 418, 423 (3d Cir.2006); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Kaucher,* 455 F.3d at 423. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Here, for the reasons discussed below, there are no genuine issues of material fact regarding Plaintiffs' claims for overtime time compensation.  Thus, Plaintiffs are entitled to summary judgment as a matter of law.

      II.    <u>The FLSA Must Be Construed Liberally In Favor Of Plaintiffs</u>.

     As the Third Circuit recently observed, FLSA cases are unusual because, unlike other laws, courts must construe the FLSA liberally in favor of employees. *See Lawrence v. City of Philadelphia, Pa.,* 527 F.3d 299, 310 (3d Cir. 2008), *citing Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 296, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (stating that the FLSA should be construed to the fullest extent of its intended purpose); *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (explaining that the purpose of the FLSA is to protect workers from substandard wages and oppressive working hours).

     Likewise, it has long been recognized that courts must construe exceptions/exemptions to the FLSA narrowly against the employer and in favor of the employee. *See Mitchell v. Kentucky Fin. Co.,* 359 U.S. 290, 295, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959); *see Reich v. Gateway Press, Inc.,* 13 F.3d 685, 694 (3d Cir.1994); *see also Guthrie v. Lady Jane Collieries, Inc*., 722 F.2d 1141 (3d Cir. 1983); *see also Richter v. Barrett*, 173 F.2d 320 (3d Cir. 1949)(exceptions from FLSA, are to be restrictively interpreted).  To that end, application of exceptions/exemptions to the pay requirements mandated by the FLSA are limited solely to those which "***plainly and***

*unmistakenly*" fall within the terms and spirit of the FLSA.  *See Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896 (3d Cir. 1991)(emphasis added).

Here, Defendants erroneously maintain they paid Plaintiffs properly pursuant to the fluctuating workweek methodology exception to the time and one half overtime provisions of the FLSA articulated in 29 C.F.R. § 778.114.  It is well settled that the foregoing method of payment is an exception to the normal overtime rights of employees and thus, Defendants bear the heavy burden of proving that all the requirements for applying the method exist.  *See Bailey v. County of Georgetown*, 94 F.3d 152, 155-156 (4th Cir.1996)(requiring the employer, not the employee, to demonstrate that it complied with the express terms of 29 C.F.R.§778.114 by a preponderance of the evidence); *see also Dingwall v. Friedman Fisher Assocs.*, 3 F.Supp.2d 215, 221 (N.D.N.Y. 1998); *see also Aiken v. County of Hampton, S.C.*, 977 F.Supp. 390 (D.S.C. 1997); *see also Burgess v. Catawba County,* 805 F.Supp. 341, 348 (W.D.N.C.1992).  Defendants, however, cannot meet their burden. That is, regardless of whether this Court narrowly or even broadly construes the applicability of the fluctuating workweek methodology, the fact remains that Defendants have not, and cannot, meet their burden of proof to establish that the requisite elements of this exception to the FLSA's overtime pay provisions are present here.

**III.    Defendants' Fluctuating Compensation Methodology Violates The FLSA.**

Section 29 U.S.C. § 207(a) of the FLSA establishes maximum weekly hour standards for employees and further requires the payment of overtime compensation "at a rate not less than one and one-half times the regular rate."  By enacting this important component of the FLSA, Congress applied "financial pressure… to spread employment to avoid the extra wage and workers were assured additional pay to compensate them for the burden of a workweek beyond

the hours fixed in the [FLSA]." *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942).

The fluctuating workweek exception to the time and one half overtime requirements of the FLSA provides a limited alternative for calculating an employee's overtime premiums, if, and only if, certain factors are met. *See* 29 C.F.R. § 778.114(a). Specifically, the fluctuating workweek exception may only be applied as follows:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid to him pursuant to an understanding with his employer that he will receive ***such fixed amount as straight time pay*** for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a ***clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek***, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

(emphasis added)

Thus, to apply the halftime premium exception articulated above, Defendants must establish, by a preponderance of the evidence, the following four (4) elements:

> (1) that Plaintiffs hours fluctuate from week to week; and

> (2) that Plaintiffs receive a ***fixed salary*** that does not vary with the number of hours worked during each workweek (excluding overtime premiums); and

> (3) that the fixed amount received by Plaintiffs provides compensation every week at a regular rate that is at least equal to the minimum wage; and

(4) that Defendants and Plaintiffs share a ***"clear mutual understanding"*** that Defendants will pay that ***fixed salary*** regardless of the number of hours worked.

*See* 29 C.F.R. § 778.114(a),(c); *Flood v. New Hanover County,* 125 F.3d 249, 252 (4th Cir.1997); *See also O'Brien*, 350 F.3d at 288.

For purposes of summary judgment, Plaintiffs concede that Defendants can establish elements one (1) and three (3) of the foregoing test.  With regard to remaining elements two (2) and four (4), however, Defendants have not, and cannot, establish same.   That is, because Plaintiffs' base compensation varied from week to week, depending on the type of work, hours, and payment received, Plaintiffs were not paid a "***fixed*** salary" as required.  Logically, it follows that since Plaintiffs did not receive a "***fixed*** salary" each week as required, Defendants and Plaintiffs could not have a  "clear mutual understanding" that Defendants would pay such a "***fixed*** salary" as required.  Each of Defendants' failures in this regard is more fully addressed below.

### A.   Defendants' Competitor Used This Exact Pay Practice and Was Found to Have Violated the FLSA

The issue before this Court regarding Defendants' pay policy is not an issue of first impression.  Recently, Judge Richard Berman from the United States District Court, Southern District of New York, ruled that Defendants' **exact** pay methodology - - (i.e., - paying 1/52 of each OGC Inspector's annual salary and adding in offshore, day-off and/or holiday pay, creating variable straight time weekly compensation), violated the FLSA's fluctuating workweek method. *See Ayers v. SGS Control Services, Inc.*, 2007 WL 646326, *7-9 (S.D.N.Y. 2007).

In so finding, Judge Berman explained that: "because both sea pay and day-off pay are 'lump sum premiums which are paid without regard to the number of hours worked,' they 'are not overtime premiums and must be included in the [207(e)] regular rate.'"   *Ayers*, 2007 WL

10

646326, *9, *citing* 29 C.F.R. § 778.207(b).  Further, "because such payments are included in the § 207(e) 'regular rate' of pay, they must be included in (and increase) the Plaintiffs' total 'straight time pay' under 29 C.F.R. § 778.114(a)."  *See Ayers*, 2007 WL 646326, *9.  The court went on to further conclude that because the defendant was required to include an OGC inspector plaintiff's offshore, day-off, and/or holiday pay earned each week, in the calculation of the OGC inspector's straight time pay, "any Plaintiff who received sea pay[1] or day-off pay did ***not*** have 'fixed' weekly straight time pay, in violation of 29 C.F.R. § 778.114(a)."  *See id.*, *citing O'Brien*, 350 F.3d at 288 (emphasis added).

Here, this Court faces the exact issue already decided by Judge Berman in *Ayers*.  And, because the facts and illegal pay practice in *Ayers* are identical to those presented here, Plaintiffs respectfully submit that the result should be the same as in *Ayers*- that Plaintiffs are entitled to summary judgment as a matter of law.

**B.      Defendants Failed To Pay Plaintiffs A "Fixed Salary" Like in *Ayers*.**

It is undisputed that during their employment with Defendants, Plaintiffs' pay for non-overtime hours ("straight time pay") varied/varies from week to week, depending on a variety of factors; namely, whether offshore pay, holiday pay, and/or day-off pay is earned and therefore included in such straight time pay.  (VanBenschoten Dep., pp.67-78).  This inclusion of offshore pay, holiday pay, and/or day-off pay results in differing straight time pay each week for each Plaintiff.  (Id.)  Thus, Plaintiffs cannot, and do not, receive a fixed salary as required to apply to the fluctuating workweek exception. *See Ayers v. SGS Control Services, Inc.*, 2007 WL 646326 (S.D.N.Y. 2007)(finding as to one of Defendants' competitors, that varying amounts of sea pay

---

[1] The *Ayers* Court defined "sea pay" as "additional compensation given for inspectors that are required to attend an offshore assignment on a vessel…" It is evident that the "sea pay" referenced in *Ayers* is akin to Defendants' "offshore pay" in the instant matter.

and day-off pay included in straight time pay each week precluded the employer from maintaining that it paid a "fixed salary").

It is axiomatic that pursuant to the requirements of 29 C.F.R. § 778.114, each employee must be paid a "fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many," except that employees may also receive "overtime premiums." 29 C.F.R. § 778.114(a); *see O'Brien,* 350 F.3d at 288.  In other words, regardless of the number of hours worked in a particular week, the employee's "straight time pay" cannot change, although overtime premiums are not included in "straight time pay." *Id.*  Simply put, because the offshore, day-off, and holiday pay Plaintiffs receive are "lump sum premiums which are paid without regard to the number of hours worked," they "are not overtime premiums and must be included in the [§ 207(e) ] regular rate." *See Ayers,* 2007 WL 646326 *10, *citing*  29 C.F.R. § 778.207(b)("Thus, any Plaintiff who received [offshore] pay or day-off pay did not have 'fixed' weekly straight time pay, in violation of 29 C.F.R. § 778.114(a).").  And, because such payments are included in the § 207(e) "regular rate" of pay, they must be included in (and increase) the Plaintiffs' total "straight time pay" under 29 C.F.R. § 778.114(a).

Notwithstanding the foregoing, Plaintiffs anticipate that Defendants will still attempt to argue that, because at a minimum, they paid Plaintiffs a set guarantee of 1/52 of their annual salary, this somehow satisfies the requirement of paying a "fixed salary" under the fluctuating workweek methodology.  This argument, however, is not only a "red-herring," but simply incorrect.  "[B]y the plain text of § 778.114, it is not enough that the [employees] receive a fixed *minimum* sum each week; rather, to comply with the regulation, the [employer] must pay each [employee] a 'fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, *whether few or many.*'" *Id.* ; *see also Parks v. Locating, Inc.*, 2002 WL 1352475 *1

(9th Cir. 2002)("[a]n agreement to compensate a minimum of forty hours is ***not*** the same as an agreement to pay a ***fixed salary*** for all hours worked…")(emphasis added); *see also O'Brien,* 350 F.3d at 288 (fluctuating workweek method was inapplicable where, among other things, each employee who was "required to work a nighttime shift" received a "$10 shift-differential payment added to his check for the week," thereby precluding contention that employee received a "fixed salary"); *see also Heder v. City of Two Rivers, Wisconsin,* 295 F.3d 777 (7th Cir. 2002)(employer could not avail itself of fluctuating workweek pursuant to 778.114, because pay docked for working less than minimum number of hours violated FLSA).

Here, because it is undisputed that Defendants did not pay Plaintiffs a "fixed salary" for all straight time hours worked, Defendants cannot avail themselves of the fluctuating workweek method of calculating overtime.  Therefore, their calculation of half-time overtime violates the FLSA and Plaintiffs are entitled to summary judgment as a matter of law.

### C.   There Was No "Clear Mutual Understanding" That Defendants Would Pay A "Fixed Salary" Because Defendants Did Not Do So.

In light of the foregoing facts, Defendants cannot reasonably or logically contend that the parties had a "clear mutual understanding" that they would be paid a "fixed salary."  This is because Plaintiffs did not receive a "fixed salary."  *See O'Brien* 350 F.3d at 290 (where the defendant's method of calculating overtime was premised on assumptions inconsistent with § 778.114, neither the parties' written agreement, nor the defendant's methods of calculating pay rates indicate that the parties reached a clear mutual understanding that the employees would work varying numbers of hours each week in exchange for a fixed sum); *see also Dooley v. Liberty Mut. Ins. Co.*, 369 F.Supp.2d 81 (D.Mass. 2005)(where employees received varying pay week to week depending on whether they worked Saturday or not, there could no mutual understanding regarding a fixed amount for straight time pay).

As stated above, the burden remains with Defendants to establish the existence of a clear and mutual understanding between the parties. *See Monahan v. County of Chesterfield,* 95 F.3d 1263, 1275 n. 12 (4th Cir.1996). "To satisfy the clear, mutual understanding requirement, '[t]he employee must clearly understand that the ***fixed weekly amount*** compensates for all of the hours worked in that week, rather than a set number of hours ... and that ***he or she will receive that amount every week*** regardless of whether he or she actually works a long or a short workweek.'" *Robinson v. Evergreen Presbyterian Ministries, Inc.*, 2008 WL 508083 (W.D.Okla. 2008)(emphasis added), *quoting Flood v. New Hanover County,* 125 F.3d 249, 252 (4th Cir.1997)(emphasis added).

As further evidence of the conclusion that Plaintiffs and Defendants could not have understood the pay structure to account for a "fixed salary," Plaintiffs direct this Court to Defendants' own policy that its required Plaintiffs to sign at the inception of there employment. (*See* Statement of Undisputed Facts at ¶8). That document, on its face, establishes that Plaintiffs compensation will necessarily vary - - not remain fixed - - based upon the different types of pay they would receive for different work in each week (i.e. depending on whether they received offshore, day-off, and/or holiday pay). *See id.* Thus, Defendants cannot possibly show that the parties had a mutual understanding that Plaintiffs would be paid a "fixed salary" as required by 29 C.F.R. §778.114, thereby precluding Defendants from establishing their burden of proof as to the fourth element of the fluctuating workweek test. *See Burgess,* 805 F.Supp. 341, 347-48 (finding defendant improperly applied the fluctuating workweek method of overtime payment because there was no "clear mutual understanding" between the employer and employees). Thus, in addition to the foregoing, Plaintiffs are entitled to summary judgment as a matter of law for this reason as well.

**IV.    Plaintiffs Are Entitled to Liquidated Damages Because Defendants' Violations of <u>the FLSA Were Not Committed In Good Faith</u>.**

The FLSA provides that "[a]n employer who violates the [overtime] provisions of ... section 207 ... shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation, ... ***and in an additional equal amount as liquidated damages****....*" 29 U.S.C. § 216(b) (emphasis added).  The liquidated damages provision of the FLSA amounts to a Congressional recognition that failure to pay the statutory minimum and overtime wages may be so detrimental to the maintenance of the minimum standard of living "necessary for health, efficiency and general well-being of workers" that double payment must be made to compensate employees for losses they might suffer by not receiving their lawful pay when it was due. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

It is well settled that employees are entitled to liquidated damages under the FLSA unless an employer can affirmatively show that its "act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. To that end, the Third Circuit in *Martin* clarified the requirements of the "good faith" defense as follows:

> The *good faith requirement is a subjective one* that "requires that the employer have an honest intention to ascertain and follow the dictates of the Act." ... The *reasonableness requirement imposes an objective standard* by which to judge the employer's conduct ... Ignorance alone will not exonerate the employer under the objective reasonableness test ... If the employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements, the district court is without discretion to deny liquidated damages.

*Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 907-908 (3d Cir.1991)(quoting *Williams v. Tri-County Growers, Inc.,* 747 F.2d 121, 129 (3d Cir.1984))(emphasis in original).  Thus, a court ***must*** award liquidated damages against an employer who violates the FLSA, unless the employer affirmatively demonstrates that its actions were in good faith and that it had reasonable grounds

for believing that its act was not a violation.  *Brock v. Claridge Hotel and Casino*, 846 F.2d 180

(3d Cir. 1988).  As above, Defendants maintain this heavy burden of proof and persuasion, to

establish good faith and reasonableness required to avoid the imposition of a liquidated damages

award under the FLSA.  *See Cahill v. City of New Brunswick*, 99 F.Supp.2d 464 (D.N.J. 2000).

This burden, however,  is not an easy one to establish. *See id.*

To establish subjective good faith, an employer must affirmatively prove that it had an

honest intention to ascertain and follow the dictates of the FLSA.  *See Marshall v. Brunner,* 668

F.2d 748, 753 (3d Cir.1982).  Meanwhile, the reasonableness of an employer's conduct is

measured by an objective standard. *See id.* That is, an employer must established that prior to the

filing of the claim at issue, it acted "'as a reasonably prudent man would have acted under the

same circumstances.'" *Addison v. Huron Stevedoring Corp.,* 204 F.2d 88, 92 (2d Cir.1953)

(*quoting Addison v. Huron Stevedoring Corp.,* 96 F.Supp. 142, 155 (S.D.N.Y.1950)). Hence, an

employer's ignorance alone is not sufficient in meeting the objective test. *See Brunner,* 668 F.2d

at 753.  Rather, to avoid the imposition of liquidated damages, an employer must establish that it

took affirmative and active to ensure that its pay practices were in compliance with the FLSA.

*Reich v. Southern New England Telecommunications Corp.,* 121 F.3d 58, 71 (2d Cir.1997).

Here, Defendants cannot meet this heavy burden.  Discovery is now closed and Defendants have

not produced a scintilla of evidence to establish that, prior to the *Ayers* decision, they made any

affirmative efforts to consult with counsel, the Department of Labor, or an accountant to

determine whether their pay practices – and more particularly their fluctuating compensation

plan, were in compliance with the FLSA. To make matters worse, Defendants, after the *Ayers*

decision - -which found the exact pay policy provision at issue here in violation of the FLSA - -

admitted that they discussed the decision with their attorneys yet ***still did not change their pay***

*practices.*   Indeed, to date- - nearly two and a half years after *Ayers* was decided, Defendants continue to violate the FLSA and deprive Plaintiffs of their proper overtime by keeping their offending fluctuating workweek method in place.   Under these circumstances, Defendants cannot show that their violation(s) of the FLSA were based on subjective or objective "good faith" or "reasonable grounds."  *See Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977)(where employer continued using pay practice which was in conflict with, and had been repudiated by written administrative interpretation that had been brought to employer's attention, employer failed to satisfy standard of "good faith" in Portal-to-Portal Act of 1947); *see also Johnson v. Big Lots Stores, Inc.,* 604 F.Supp.2d 903 (E.D.La. 2009)(liquidated damages due where Defendant was on notice of FLSA issue pertaining to its pay practice, due to separate lawsuit, and failed to take steps to ensure FLSA compliance); *see also Bowrin v. Catholic Guardian Society,* 417 F.Supp.2d 449, 472-76 (S.D.N.Y.2006)(employer that made "some effort" to determine whether an exemption applied, but did not take "sufficient steps to ensure compliance," had not acted good faith, by relying on industry practice, outdated DOL representations, and an old collective bargaining agreement).  Thus, Plaintiffs are entitled to summary judgment as a matter of law as to liquidated damages as well.

**V.     Defendants' Violation Is Willful, Thereby Subjecting Plaintiffs' Claims To A
        Three (3) Year Statute Of Limitations.**

Congress enacted a two-tiered statute of limitations under the FLSA; specifically, plaintiffs generally must commence actions to enforce the FLSA within a two-year limitations period.  If, however, the plaintiffs succeed in establishing that an employer's violations of the FLSA were willful, the limitations period is extended to three years. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 131-32 (1988).

In *McLaughlin*, the Supreme Court adopted the same test to define a "willful" violation that it previously employed in *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125-130 (1985).  Simply put, the Court articulated that an employer commits a willful violation of the FLSA if it "'knew or *showed reckless disregard for the matter of whether* its conduct was prohibited by the FLSA.'" *McLaughlin,* 486 U.S. at 130, 108 S.Ct. at 1680, (*quoting Brock v. Richland Shoe Co.,* 799 F.2d 80, 83 (3rd Cir.1986) (emphasis in original)).  Thus, where, like here, an employer shows "evident indifference" to the FLSA's requirements, a finding of willfulness is warranted. *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1296 (3d Cir.1991).

For the reasons and facts discussed in Section IV *infra*, there is no question that Defendants' violations were willful, especially since they learned of the February 27, 2007 *Ayers* decision and refused to modify their pay practices accordingly.  Again, Defendants acknowledge that they were aware of the *Ayers* decision which specifically determined that their exact pay policy violated the FLSA.  Despite this knowledge, however, Defendants voluntarily elected not to change their pay policies, to the detriment of Plaintiffs.  Because this type of indifference is exactly the type of conduct envisioned by the Supreme Court that gives support to a finding of willfulness, Plaintiffs respectfully request that this Court grant summary judgment as to the extended three (3) year statute of limitations period as well.

## CONCLUSION

For all the above reasons, Plaintiffs respectfully request that this Court enter an Order granting summary judgment finding that: (1) Defendants' "fluctuating compensation" methodology violates the FLSA; (2) Plaintiffs are entitled to liquidated damages; and (3) Plaintiff's claims are subject to the FLSA's three (3) year statute of limitations, based on Defendants' willful violation of the FLSA.

Respectfully submitted this 17<u>th</u> day of August 2009

Respectfully submitted,

**s/ ANDREW FRISCH**
ANDREW FRISCH
RICHARD CELLER
MORGAN & MORGAN, P.A.
6824 Griffin Road
Fort Lauderdale, FL 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: Afrisch@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17<u>th</u> day of August 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

**s/ ANDREW FRISCH**
ANDREW FRISCH

19