NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WENCILIO ADEVA, : | |
| : | Civil Action No. 09-1096(SRC) |
| Plaintiff, : | |
| : | OPINION |
| v. : | |
| : | |
| INTERTEK USA, INC. f/k/a/ CALEB : | |
| BRETT USA, INC. and INTERTEK : | |
| CALEB BRETT, INC., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

This matter comes before the Court upon the Motion for Summary Judgment filed by Plaintiff Wencilio Adeva ("Adeva" or "Plaintiff") (docket item #116). Defendants Intertek USA, Inc. f/k/a Caleb Brett USA, Inc. and Intertek Caleb Brett, Inc. ("Intertek" or "Defendants"), have opposed the motion and have filed a cross-motion for summary judgment (docket item #127). This Court has considered the submissions by the parties in connection with these motions, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motions based on the papers submitted. For the reasons discussed below, this Court grants Plaintiff's motion for summary judgment in part and grants Defendants' motion for summary judgment in part.

I.  FACTUAL BACKGROUND

Plaintiffs are oil, gas, and chemical inspectors employed by Defendants. The essential question is whether Defendants paid Plaintiffs on a proper Fluctuating Workweek ("FWW")

method pursuant to 29 C.F.R. § 778.114(a).[1] Defendants pay Plaintiffs a percentage of their annual salary, and, if eligible, "day off pay," "off shore pay," and "holiday pay." Plaintiff alleges that because of such special payments, Defendants cannot demonstrate that the amount paid each week was "fixed." A "fixed amount as straight time pay" is necessary to apply the FWW under the Fair Labor Standards Act. 29 C.F.R. § 778.114(a). Furthermore, Plaintiffs argue that they are entitled to liquidated damages because the alleged violations were not committed in good faith. Lastly, it is alleged that Defendants' FSLA violations were willful, and consequently subject to a three-year statute of limitations.

In response, Defendants state that, despite various extra payments, they are in full compliance with the FLSA. In short, Defendants assert that the payment of premiums and bonuses is wholly consistent with the FWW. Furthermore, Defendants assert that they are entitled to summary judgment on the issue of liquidated damages, as any alleged violations were made in good faith. Similarly, Defendants assert that the two-year statue of limitations is applicable, as any alleged violations were not willful.

---

[1] 29 C.F.R. § 778.114(a) provides that "[a]n employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement."

II.     MOTION FOR SUMMARY JUDGMENT

    A.     **Summary Judgment Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Anderson, 477 U.S. at 247-48. Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), cert. denied, 507 U.S. 912 (1993)).

### B. Fair Labor Standards Act

29 U.S.C. § 207(a) of the Fair Labor Standards Act ("FLSA") requires the payment of overtime compensation "at a rate not less than one and one-half times the regular rate." The fluctuating workweek method ("FWW") provides an alternative for calculating overtime premiums when certain conditions are met. In short, to apply the FWW method, Defendants must demonstrate that:

> 1) Plaintiffs' hours fluctuate from week to week, 2) Plaintiffs receive a fixed salary that does not vary with the number of hours worked during each workweek (excluding overtime premiums), 3) the fixed amount received by Plaintiffs provides compensation every week at a regular rate that is at least equal to the minimum wage, and 4) that Defendants and Plaintiffs share a 'clear mutual understanding' that Defendants will pay that fixed salary regardless of the number of hours worked.
>
> 29 C.F.R. § 778.114(a); O'Brien v. Town of Agawam, 350 F.3d 279, 288 (1st Cir. 2003); Flood v. New Hanover, 125 F.3d 249, 252 (4th Cir. 1997).

The essential question before the Court is whether Defendants have met the prerequisites for applying the FWW method. The Court is not convinced that Defendants pay Plaintiffs "a fixed salary that does not vary with the number of hours worked during each workweek (excluding overtime premiums)." 29 C.F.R. § 778.114(a). The record demonstrates that Plaintiffs' compensation for non-overtime hours varied, depending upon earned offshore pay, holiday pay or day-off pay. The Court is convinced that due to such payments, Plaintiffs cannot receive the fixed salary required to apply the FWW. See, e.g., O'Brien, 350 F.3d at 288 (holding that a ten-dollar night-shift increase precluded application of the FWW); Ayers v. SGS Control Services, Inc., 2007 WL 646326 (S.D.N.Y. 2007) (holding "any Plaintiff who received sea pay or day-off pay did not have fixed weekly straight time pay, in violation of 29 C.F.R. §

4

778.114(a)."); Dooley v. Liberty Mutual Insurance Company, 369 F.Supp.2d 81, 86 (D. Mass. 2005) (holding that payment of a premium rate for weekend work precludes application of the FWW).

Most recently, the Southern District of New York was faced with the identical issue currently before this Court. Ayers, 2007 WL 646326. In granting summary judgment in favor of plaintiffs, that Court held that because plaintiffs received sea-pay and day-off pay, their salaries were not fixed, consequently precluding usage of the FWW method of payment. Id. at 8-9. In rendering its decision, the Ayers court relied on the O'Brien and Dooley decisions. In O'Brien, the First Circuit noted that the plain text of § 778.114 requires payment of a "fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many." O'Brien, 350 F.3d at 288. Guided by the statutory language, the Court held that workers who received additional compensation (in the form of a $10 shift differential payment) could not have received a fixed amount as required under § 778.114. Id. at 289; see also Dooley, 369 F. Supp. 2d 81, 86 (holding that payment of a premium rate for weekend work precludes application of the FWW).[2] The sea-pay, day-off pay, night-shift pay and weekend-pay analyzed in the Ayers, O'Brien and Dooley decisions are nearly identical to the types of payments received by Plaintiffs

---

[2] The Court is not persuaded by the authority relied upon by Defendants. For example, Defendants' reliance on Lance v. The Scotts Company, 2005 WL 1785315 (N.D. Ill. July 21, 2005) is misplaced. Defendants are correct that Lance stands for the proposition that commission fluctuations are permissible under DOL regulations. The Court, however, explictly ruled pursuant to 29 C.F.R §§ 778.117-.118, which deals with the proper handling of commissions. The case at bar does not deal with the payment of commissions pursuant to § 778.117 and § 778.118, but the fixed pay requirement pursuant to § 778.114. In short, the weight of authority that explicitly deals with the issue at bar has held that such payments are violative of the FWW. See, e.g., O'Brien , 350 F.3d at 288; Ayers, 2007 WL 646326; Dooley, 369 F. Supp. 2d 81, 86.

in this case.  Clearly, the payment of differentials such as sea-pay differential or increased pay for working a "night-shift," means that employees are not being paid a "fixed" salary regardless of hours worked.  Instead, the salary fluctuates, based upon whether the employee is or is not receiving "sea-pay" or "night-shift pay."  If the regulation merely required that employees received a minimum salary every week, which could be increased by such bonuses, then Defendants' argument would have substantial force.  The regulation, however, contains no such thing.  Consequently, the Court holds that Defendants are precluded from using the FWW method of payment as such premiums and bonuses run afoul of the "fixed salary" requirement of 29 C.F.R. § 778.114(a).  Plaintiffs' motion for summary judgment is granted, in part, as Defendants' FWW compensation methodology violates the FLSA.

      C.    **Liquidated Damages**

The Court is not convinced that Plaintiffs are entitled to liquidated damages.  Under the FLSA, an employer is not liable for liquidated damages if its actions were "in good faith and [it] had reasonable grounds for believing its act or omission was not a violation" of the FLSA.  29 U.S.C. § 260.  Good faith is a subjective determination, while reasonableness is an objective one. Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988).  In determining if liquidated damages are appropriate, a court can consider the ambiguity of the regulation and the closeness of the question.  Id. at 187; see also Cross v. Arkansas Forestry Comm'n., 938 F.2d 912 (8th Cir. 1991) (holding that "uncertainty in the application of the FLSA may be considered in determining whether to impose liquidated damages.").  Here, given the lack of controlling authority in this Circuit, the fact that Defendants had their conduct approved by outside counsel and proposed DOL regulations which suggest the existence of uncertainty in the application of

the regulation, the Court is convinced that Defendants acted in good faith and had reasonable grounds for believing they were not in violation of the FLSA.  Notably, the DOL acknowledged the ambiguity in the FWW method in its proposed rules, dated January 2008.  73 Fed. Reg. 145, p. 43662 ("The payment of additional bonus supplements and premium payments to employees compensated under the fluctuating workweek method has presented challenges to both employers and the courts . . . the proposed regulation provides that bona fide bonus or premium payments do not invalidate the fluctuating workweek method of compensation.").  Relatedly, the record demonstrates that the New Jersey Department of Labor and Workforce Development ("NJDOL"), upon auditing Defendants' pay practices in 2005, did not challenge Defendants' FWW methodology.  Furthermore, it appears that at the time Defendants implemented its FWW methodology, over 25 years ago, it was in full compliance with the limited existing authority.  Overnight Motor Transportation Co. v. Missell, 316 U.S. 572 (1942); Spring v. Washington Glass Co., 153 F. Supp. 312 (W.D. Pa. 1957).  In short, the record demonstrates that Defendants acted in good faith and had reasonable grounds for their actions.  Consequently, Defendants will be granted summary judgment on the issue of liquidated damages.

   **D.**         **Statute of Limitations**

   The FLSA has a two-tiered statue of limitations.  Generally, Plaintiffs must commence actions brought pursuant to the FLSA within a two-year limitation period.  The limitations period is extended to three years, however, if Plaintiffs can demonstrate willfulness on behalf of the Defendant.  The Supreme Court held that an employer commits a willful violation if it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1985).  For the same reasons

why this Court declines to permit liquidated damages, the Court is not convinced that Defendants were in willful violation of the FLSA. For example, given the lack of controlling authority in this Circuit, the fact that Defendants had their conduct approved by outside counsel and the proposed DOL regulations, the Court is not convinced that Defendants committed a willful violation. The record does not demonstrate that Defendants knew or recklessly disregarded the FLSA. Defendants will be granted summary judgment on the issue of willfulness. The applicable statute of limitations is two years.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for summary judgment, in part, holding Defendants' FWW compensation methodology violates the FLSA. The Court also grants Defendants' motion for summary judgment, in part, holding that liquidated damages are unavailable and the applicable statute of limitations is two-years. An appropriate form of Order will be filed together with this Opinion.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge


DATED: January 11, 2010